UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEMETRIUS MILLER, )<br>)<br>        Plaintiff, )<br>)<br>        v. )<br>)<br>RIDDLE C/O, )<br>)<br>        Defendant. ) | No. 1:25-cv-01517-TWP-CSW |

**ORDER DISMISSING COMPLAINT**
**AND DIRECTING FILING AN AMENDED COMPLAINT**

Plaintiff Demetrius Miller is a prisoner currently incarcerated at New Castle Correctional Facility ("New Castle"). He filed this civil action alleging that his First Amendment rights were violated by an officer. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

## I. SCREENING STANDARD

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1

The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II.   THE COMPLAINT

The Court accepts Mr. Miller's factual allegations as true at the pleading stage but not his legal conclusions. *See Iqbal*, 556 U.S. at 678 ("we must take all of the factual allegations in the complaint as true," but "we 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting *Twombly*, 550 U.S. at 555)). Mr. Miller names one Defendant in his complaint, Officer Riddle.

On June 6, 2025, Mr. Miller was an inmate at New Castle, waiting to be released for his religious chapel services when he asked Officer Riddle if he had called inmates to be released to services. Officer Riddle replied that Mr. Miller did not have a count letter and that even if he did, "I'm not going to let you out." (Dkt. 1 at 2). Mr. Miller asked if he was refusing him his religious service, and Officer Riddle confirmed that he was.

A few minutes later, a different officer permitted Mr. Miller to go to the service, but he arrived fifteen minutes late. When he was taken back to his cell, he discovered that Officer Riddle had filed a false conduct report against him for physical assault. Mr. Miller was then placed in segregation for three days. He was later found guilty of a Class C conduct report.

Mr. Miller asserts a First Amendment religious exercise claim and a First Amendment retaliation claim. He seeks monetary damages and injunctive relief.

## III.   DISMISSAL OF COMPLAINT

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

First, all claims related to the denial of Mr. Miller's lunch on June 6, 2025, are **denied** for failure to state a claim upon which relief can be granted. Missing one meal because of a religious service was a de minimis burden. "[F]orcing an inmate to choose between daily nutrition and religious practice is a substantial burden." *Thompson v. Holm*, 809 F.3d 376, 380 (7th Cir. 2016). But "[d]e minimis burdens on the free exercise of religion are not of constitutional dimension." *Rapier v. Harris*, 172 F.3d 999, 1006, n. 4 (7th Cir. 1999). Mr. Miller does not allege that the officer consistently forced him to choose between religious services and adequate nutrition, only that he missed one day's lunch. Although he may have been hungry that day, he does not allege that he was otherwise deprived of his ability to observe his religion. *See Thompson v. Bukowski*, 812 F. App'x 360, 365 (7th Cir. 2020), *reh'g denied* (July 2, 2020) (finding that, while missing one meal and not providing a double portion of food after sunset reflected "shortcomings in the administration of the Ramadan diet program," plaintiff did not demonstrate that he was forced to choose between necessary nutrition and his ability to observe Ramadan).

Any claims related to false conduct reports are **dismissed** for failure to state a claim. Mr. Miller does not have a constitutional right to avoid false disciplinary charges. *Lagerstrom v. Kingston*, 463 F.3d 621, 624-25 (7th Cir. 2006) (due process rights are not violated if a false conduct report is filed).

Because the Court has been unable to identify a viable claim for relief against Officer Riddle, the complaint is subject to dismissal.

### IV.    OPPORTUNITY TO FILE AN AMENDED COMPLAINT

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United*

*States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the court will allow the plaintiff to amend his complaint if, after reviewing this Court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

The plaintiff shall have **through March 26, 2026, to file an amended complaint**.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order, which he should use if he files an amended complaint. *See* Local Rule 8-1 (requiring pro se plaintiffs to use the clerk-provided form for claims under 42 U.S.C. § 1983).

Any amended complaint should have the proper case number, 1:25-cv-01517-TWP-CSW and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

5

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**IT IS SO ORDERED.**

Date:  2/26/2026

*[signature]*
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

DEMETRIUS MILLER
246965
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362